## IN THE SUPREME COURT OF THE STATE OF IDAHO

### Docket No. 42515-2014

TODD RICH,                                    )
                                              )        **Boise, November 2015 Term**
       **Petitioner-Appellant,**        )
                                              )        **2015 Opinion No. 108**
**v.**                                        )
                                              )        **Filed: November 25, 2015**
**STATE OF IDAHO,**                           )
                                              )        **Stephen W. Kenyon, Clerk**
       **Defendant-Respondent.**        )
                                              )

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, in and for Ada County.  Hon. Lynn G. Norton, District Judge.[1]

The judgment of the district court is <u>affirmed</u>.

Leo N. Griffard, Jr., Golden, Colorado, argued for Appellant.

Stephanie A. Altig, Deputy Attorney General, Meridian, argued for Respondent.

_____

EISMANN, Justice.

This is an appeal out of Ada County from a judgment dismissing an action filed by a Pennsylvania resident who had previously been convicted of rape in Idaho.  The Plaintiff sought a declaration that his right to ship, transport, possess, or receive a firearm had been restored under Idaho law.  We affirm the judgment of the district court.

### I.
### Factual Background.

On June 11, 1992, Todd Rich was indicted for the felony crime of rape allegedly committed between November 1991 and January 1992; he pled guilty on August 19, 1992; and on October 23, 1992, the district court sentenced him to six years in the custody of the Idaho Board of Correction.  The district court retained jurisdiction for 120 days, and ultimately

---

[1] Judge Norton was not the district judge who presided over Mr. Rich's criminal case.

suspended the remainder of Mr. Rich's sentence and placed him on probation. Mr. Rich successfully completed his probation on or about March 2, 2004.

On March 3, 2004, Mr. Rich filed a motion asking the district court in his criminal case for relief pursuant to Idaho Code section 19-2604(2).[2] On April 12, 2004, the district court granted such relief and reduced Mr. Rich's charge to a misdemeanor. The order reducing the charge stated that "the Judgment is hereby deemed a misdemeanor conviction, thereby restoring [Mr. Rich] to his civil rights."

At some point, Mr. Rich moved to Pennsylvania, where he currently resides. He apparently applied for permission to possess a firearm in Pennsylvania. His request was denied by an administrative law judge who ordered:

> It appearing that under Idaho law, I.C. §18-310(2), final discharge for a conviction of rape does not restore the right to ship, transport, possess or receive a firearm, the determination of the Pennsylvania State Police that Todd Rich is prohibited under the Uniform Firearms Act, 18 Pa. C.S. § 6101 *et seq.*, is upheld.

On November 29, 2013, Mr. Rich filed this action seeking a declaratory judgment that he "may lawfully purchase, own, possess or have under his custody or control a firearm under the laws of the State of Idaho." The State responded by contending that Mr. Rich has no standing to seek such relief.

The district court dismissed the case on two alternative grounds. First, the district court held that Mr. Rich did not have standing because no real, substantial, and concrete controversy now exists. The court wrote that Mr. Rich did not assert that he was under any threat of arrest or prosecution for unlawful possession of a firearm and if the court "were to render the declaratory judgment that [Mr. Rich] requests, it would do so based solely on a hypothetical set of facts, i.e.,

---

[2] At the time Mr. Rich committed the rape and when the district court granted relief under Idaho Code section 19-2604(2), the statute provided:

> If the sentence has been imposed but suspended during the first one hundred and eighty (180) days of the sentence to the custody of the state board of correction, and the defendant placed on probation as provided in subsection 4 of section 19-2601, Idaho Code, upon application of the defendant, the prosecuting attorney, or upon the court's own motion, and upon satisfactory showing that the defendant has at all times complied with the terms and conditions of his probation, the court may amend the judgment of conviction from a term in the custody of the state board of correction to "confinement in a penal facility" for the number of days served prior to suspension, and the amended judgment may be deemed to be a misdemeanor conviction.

Ch. 305, § 1, 1989 Idaho Sess. Laws 759, 759.

that [Mr. Rich] could be charged in Idaho for felon-in-possession if he were in Idaho, which he is not." The district court's second ground was that "Idaho Code 18-310(3) provides the mechanism for the restoration of civil rights is through application to the commission of pardons and parole, not through the District Court." On April 18, 2014, the district court entered a judgment dismissing this action with prejudice.

On May 1, 2014, Mr. Rich filed a motion to reconsider on the ground that he did have standing and that his right to ship, transport, possess or receive a firearm was restored pursuant to Idaho Code section 19-2604. The court denied the motion, writing:

> Based on this language [of 18 Penn. Consolidated Stats. sec. 6105], Pennsylvania clearly had the right to make a decision that Mr. Rich is not entitled to possess a firearm in Pennsylvania under Pennsylvania law, regardless of the final disposition of his criminal case in Idaho. No interpretation of Idaho law could force a different decision in Pennsylvania. Therefore, this is not a justiciable issue.

In a footnote to the first sentence quoted above, the district court stated, "Further, even though Mr. Rich's conviction was reduced to a misdemeanor, it does not change that he was convicted of rape."

In its order denying the motion to reconsider, the court concluded: "Finally, the Court reemphasizes that Mr. Rich may still attempt relief under Idaho Code § 18-310(3). The Court does not say whether this will have any effect on Idaho, Pennsylvania, or Federal law." (Footnote omitted.) The court denied the motion to amend the judgment. Mr. Rich then timely appealed.

## II.
### Did the District Court Err in Dismissing this Action?

On appeal, Mr. Rich contends that the district court erred in holding that he lacked standing. "To satisfy the requirement of standing litigants must allege an injury in fact, a fairly traceable causal connection between the claimed injury and the challenged conduct, and a substantial likelihood that the judicial relief requested will prevent or redress the claimed injury." *Knox v. State ex rel. Otter*, 148 Idaho 324, 336, 223 P.3d 266, 278 (2009). He does not contend that any decision made by the district court would have any impact upon his right to ship, transport, possess, or receive a firearm under Pennsylvania law. During oral argument, he

3

admitted that he was not aware of any Pennsylvania statute providing that a person's right to ship, transport, possess, or receive a firearm in Pennsylvania is in any way impacted by whether the person has lost his right to do so in some other state. Rather, he contends that a decision on whether the district court's order restored his right to ship, transport, possess, or receive a firearm under Idaho law had been restored could impact his right to do so under federal law.

As stated above, the district court based its decision on two alternative grounds—lack of standing and the authority of the commission of pardons and parole, not the district court, to restore the right to ship, transport, possess, or receive a firearm.[3] Mr. Rich does not challenge that alternative holding on appeal. "Where a lower court makes a ruling based on two alternative grounds and only one of those grounds is challenged on appeal, the appellate court must affirm on the uncontested basis." *State v. Grazian*, 144 Idaho 510, 517-18, 164 P.3d 790, 797-98 (2007). Therefore, the district court did not err in dismissing this action with prejudice.

### III.
### Conclusion.

We affirm the judgment of the district court and award the State costs on appeal.

Chief Justice J. JONES, Justices BURDICK, W. JONES, and HORTON **CONCUR.**

---

[3] At the time Mr. Rich committed the rape, Idaho Code section 18-310 provided that the right to ship, transport, possess, or receive a firearm would not be restored upon satisfactory completion of imprisonment, probation, or parole if the person was convicted of certain enumerated felonies, including rape, that were committed on or after July 1, 1991. Ch. 202, § 1, 1991 Idaho Sess. Laws 480, 481-82. With respect to persons convicted of those felonies, the statute provided, "A person not restored to the civil right to ship, transport, possess or receive a firearm may make application to the commission of pardons and parole to restore the civil right to ship, transport, possess or receive a firearm." Ch. 202, § 1, 1991 Idaho Sess. Laws 480, 482. There is no contention that Mr. Rich ever made application to the Idaho Commission of Pardons and Parole to have his right to ship, transport, possess, or receive a firearm restored. These provisions of Idaho Code section 18-310 were in effect at the time of the district court order reducing the charge to a misdemeanor, Ch. 113, § 1, 2003 Idaho Sess. Laws 356, 357, and they are still in effect, I.C. § 18-310 (2004). Pursuant to Idaho Code section 19-2604(1), a court has the authority, in certain circumstances, to set aside the defendant's guilty plea and dismiss the case, which "shall have the effect of restoring the defendant to his civil rights." The district court in Mr. Rich's criminal case did not set aside Mr. Rich's guilty plea and dismiss the case under section 19-2604(1). It deemed his judgment to be a misdemeanor conviction under section 19-2604(2).