**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 44591**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | 2017 Unpublished Opinion No. 663 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: December 14, 2017 |
| | ) | |
| v. | ) | Karel A. Lehrman, Clerk |
| | ) | |
| **BRIAN KEITH CALDERWOOD,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Defendant-Appellant. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Patrick H. Owen, District Judge.

Order of the district court denying motion to suppress and judgment of conviction, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Reed P. Anderson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Brian Keith Calderwood appeals from the judgment of conviction, arguing the district court erred when it denied his motion to suppress evidence obtained during a police investigation. Calderwood argues the officer lacked reasonable suspicion to detain him and the district court erred when it denied Calderwood's motion to suppress. The district court's order denying motion to suppress and judgment of conviction are affirmed.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

An officer received a tip regarding a suspicious person in the area of an automotive shop at approximately 3:11 a.m. The caller provided dispatch with the caller's phone number and address, but refused to give his name. The caller reported that there was a car in the parking lot

1

of the automotive shop with its parking lights on and a male walking around the area. There was no traffic at the time and all businesses in the area were closed.

The officer went to the area to investigate. The only person in the area was a person, later identified as Brian Calderwood, in dark clothing walking south on Orchard Street. The officer made eye contact with Calderwood as the officer's patrol vehicle was passing Calderwood and Calderwood looked away sharply. The officer turned his patrol car around and before the officer could completely exit his vehicle, Calderwood began to run away from the officer towards a church. As Calderwood ran around the church, the officer followed in his vehicle. With his overhead lights off, the officer drove onto the curb and grass and observed Calderwood digging in his pockets. The officer did not see Calderwood remove anything from his pockets. After running around the church, Calderwood came to a stop in the middle of the road, threw his hands above his head, and turned to face the officer.

Calderwood started to walk toward the officer and as Calderwood got within fifteen to twenty feet of the officer, the officer told Calderwood to follow his commands and get down on his knees. Calderwood was then handcuffed. Calderwood identified himself. The officer asked Calderwood why he was running, and Calderwood replied that he was getting rid of paraphernalia. The officer retrieved a syringe with an unknown substance inside it from a small pocket in Calderwood's hooded sweatshirt. Officers found a second syringe in the street where Calderwood and the officer made contact and other officers checked the area for other drug-related items. A vial with brownish liquid and a clear plastic baggy with a small amount of crystal-like substance were found along Calderwood's route around the church. The officer also retrieved a third syringe and small vial from Calderwood's person once Calderwood was in the patrol car.

The officer determined that Calderwood had active warrants, which were found after the syringe and other paraphernalia were located around the church. The time between the officer's initial encounter with Calderwood and the finding of the active warrants was within ten minutes of speaking with Calderwood. Calderwood conceded, at the suppression hearing, that there was no detention until the officer commanded Calderwood to obey the officer's commands and get on his knees.

Calderwood was charged with felony possession of a controlled substance and misdemeanor possession of drug paraphernalia. Calderwood filed a motion to suppress all

2

evidence obtained as a result of an illegal detention and search. The district court denied the motion to suppress. Pursuant to a plea agreement, Calderwood entered a conditional guilty plea to possession of a controlled substance wherein he reserved his right to appeal the denial of his motion to suppress and the State agreed to dismiss the drug paraphernalia charge. The district court imposed a unified sentence of seven years, with no determinate period. The misdemeanor charge was dismissed. Calderwood timely appeals.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

Calderwood asserts the district court erred when it denied Calderwood's motion to suppress evidence. Calderwood argues that the officer lacked reasonable suspicion to detain him and the evidence from the detention should be suppressed.

Where a lower court makes a ruling based on alternative grounds and not all grounds are challenged on appeal, the appellate court must affirm on the uncontested bases. *Rich v. State*, 159 Idaho 553, 555, 364 P.3d 254, 256 (2015).

The district court made three different findings. First, the district court found there was reasonable suspicion for the officer to detain Calderwood in order to investigate criminal conduct. Second, the district court found that Calderwood admitted to getting rid of the drug paraphernalia prior to the time he was in custody. Third, the district court found that because Calderwood had active warrants, the two syringes found on Calderwood's person would have been inevitably discovered as part of the arrest and/or booking process. On appeal, Calderwood does not challenge the finding that the items found around the church and in the street were

3

abandoned by Calderwood. Calderwood also does not challenge the district court's conclusion that the two syringes found on his person would have been inevitably discovered. Because Calderwood has only challenged the district court's conclusion that the officer had reasonable suspicion to detain Calderwood and failed to challenge the conclusion that the syringes found on his person would have been inevitably discovered, the district court's decision must be affirmed on the unchallenged basis.[1]

## IV.

## CONCLUSION

Calderwood's failure to challenge the district court's alternative bases for suppressing the evidence--that he abandoned the paraphernalia or that the syringes found on his person would have been inevitably discovered--requires us to conclude the district court did not err by denying Calderwood's motion to suppress the evidence. We affirm the district court's order denying motion to suppress and Calderwood's judgment of conviction.

Chief Judge GRATTON and Judge GUTIERREZ **CONCUR**.

---

[1] Though this Court is affirming the district court's decision on the unchallenged basis of inevitable discovery, this Court would also affirm the district court's conclusion that there was reasonable suspicion to detain Calderwood under the totality of the circumstances.

4