**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45863**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: September 30, 2019 |
| Plaintiff-Respondent, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| BRANDON LEE ANDERSON, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Scott Wayman, District Judge.

Order denying motion to suppress and judgment of conviction, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Brandon Lee Anderson appeals from the judgment of conviction for possession of marijuana, possession of paraphernalia, delaying an officer, and two counts of felony battery on a police officer. Anderson argues that the district court erred in denying his motion to suppress evidence. For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Anderson was charged with providing false information to police (Idaho Code § 18-5413); two counts of battery on a law enforcement officer (I.C. §§ 18-915(3), 18-903); delaying an officer (I.C. § 18-705); possession of a controlled substance (I.C. § 37-2732(c)(3)); possession of drug paraphernalia (I.C. § 37-2734A1); and attempted unlawful entry (I.C. §§ 18-7034, 18-304). The charges arose when Deputy Ballman observed an individual (later determined to be

1

Anderson) walking down the side of the road. Deputy Ballman turned his vehicle around to make contact with the individual. After noticing the deputy turn his vehicle around, Anderson walked up to the front door of a darkened house.

Deputy Ballman asked Anderson if he lived at the residence. After some time with no response, Anderson eventually informed the deputy that the house was not his residence. Next, Deputy Ballman asked Anderson what he was doing at the house. After hesitating, Anderson stated that he was going to ask for some water. Subsequently, Deputy Ballman called Anderson over and asked for his name. Thereafter, Deputy Franssen arrived on the scene and informed Deputy Ballman that Deputy Franssen knew that the individual was Brandon Anderson. In addition, Deputy Franssen was aware that Anderson had five active warrants out for his arrest. Based on that information, the deputies informed Anderson that he was under arrest; at which time Anderson fled. After an altercation with the deputies, Anderson was arrested and searched. The search revealed the presence of paraphernalia and marijuana.

Anderson filed a motion to dismiss the false information charge and a motion to suppress the paraphernalia and marijuana found on his person.[1] In support of his motion to suppress, Anderson argued that the marijuana and paraphernalia should be suppressed because he was detained without reasonable suspicion. The district court denied the motion to suppress. Anderson proceeded to trial and was found guilty of possession of marijuana, possession of paraphernalia, delaying an officer, and both counts of felony battery on a law enforcement officer.[2] The district court sentenced Anderson to two unified, concurrent five-year terms with two years determinate and retained jurisdiction for each count of felony battery on a law enforcement officer. For each misdemeanor charge, the court sentenced Anderson to concurrent terms of 180 days in jail with credit for time served. Anderson timely appeals.

## II.

### STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts

---

[1] The court granted the motion to dismiss the false information charge. However, this is not an issue on appeal.

[2] Prior to trial, Anderson pled guilty to attempted unlawful entry. Thus, this charge was not tried.

2

as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

Anderson argues that the district court erred in denying his motion to suppress because he was unlawfully detained absent reasonable suspicion. In response, the State argues: (1) that the initial encounter between Anderson and Deputy Ballman was consensual, and (2) even if the encounter was not consensual, any detention was based on reasonable suspicion. The State further asserts that the denial of suppression should be upheld because Anderson failed to challenge the district court's alternative finding that the contraband was found incident to lawful arrest. In addition, the State argues that even if the initial encounter was improper, this Court can uphold the district court's denial of the motion to suppress on each of these independent grounds: (1) Anderson was properly searched following his flight, (2) Anderson was properly searched incident to arrest for attempted unlawful entry and felony battery on an officer, and (3) the attenuation doctrine applies.

The Fourth Amendment to the United States Constitution prohibits unreasonable searches and seizures. Generally, evidence obtained as a result of an unreasonable search or seizure must be suppressed. *Wong Sun v. United States*, 371 U.S. 471, 485 (1963). Typically, seizures must be based on probable cause to be reasonable. *Florida v. Royer*, 460 U.S. 491, 499-500 (1983). However, limited investigatory detentions, based on less than probable cause, are permissible when justified by an officer's reasonable, articulable suspicion that a person has committed, or is about to commit, a crime. *Id*. at 498. Reasonable suspicion must be based on specific, articulable facts and the rational inferences that can be drawn from those facts. *Terry v. Ohio*, 392 U.S. 1, 21 (1968); *State v. Sheldon*, 139 Idaho 980, 983, 88 P.3d 1220, 1223 (Ct. App. 2003). The quantity and quality of information necessary to establish reasonable suspicion is less than that necessary to establish probable cause. *Alabama v. White*, 496 U.S. 325, 330 (1990). Still, reasonable suspicion requires more than a mere hunch. *Id*. at 329. Whether an officer possessed reasonable suspicion is evaluated based on the totality of the circumstances

3

known to the officer at or before the time of the detention. *United States v. Cortez*, 449 U.S. 411, 417 (1981); *Sheldon*, 139 Idaho at 983, 88 P.3d at 1223.

In this case, the district court concluded that Anderson was detained "at the point that the deputy said, 'Well, come on over here and let me ask you your name and ask you some questions.'" Nonetheless, the district court concluded that Anderson was appropriately detained on the basis that the deputy had "reasonable and articulable suspicion of criminal activity being afoot." We agree that the initial encounter was supported by reasonable suspicion.

We will assume without deciding that a detention occurred when Deputy Ballman told Anderson to "come on over here." Regardless, we conclude that this encounter was constitutional because it was supported by reasonable suspicion of criminal activity. In assessing the totality of the circumstances, the district court's factual findings support a conclusion that Deputy Ballman had reasonable suspicion to detain Anderson. The district court found that Anderson was wearing all black when Deputy Ballman noticed Anderson walking down the side of the road. It was late at night, sometime between midnight and one o'clock. Anderson immediately walked up to a darkened house when he noticed the police vehicle turn around.

Additionally, when taken into context, Anderson's answers to Deputy Ballman's questions gave rise to a suspicion that Anderson may have committed or was about to commit a crime. First, Deputy Ballman asked Anderson if that house was Anderson's residence. Anderson informed the deputy that the house was not his residence. Next, Deputy Ballman asked Anderson what he was doing at the residence, and Anderson replied that he was going to ask the occupants for some water. In addition, Anderson stalled before answering each of the deputy's questions. Based on totality of the circumstances, Anderson's actions and unconvincing explanation for standing on a stranger's dark doorstep in the middle of the night gave rise to a reasonable suspicion that criminal activity was afoot. Therefore, we agree that the observations outlined by the district court were sufficient to establish reasonable suspicion to justify Anderson's detention.[3]

---

[3] We also uphold the district court's denial of suppression on the ground that the contraband was found incident to a lawful arrest because Anderson failed to challenge this ground. *See Rich v. State*, 159 Idaho 553, 555, 364 P.3d 254, 256 (2015).

## IV.

## CONCLUSION

The district court correctly denied Anderson's motion to suppress.  Therefore, the district court's order denying Anderson's motion to suppress is affirmed.

Judge LORELLO and Judge BRAILSFORD **CONCUR**.