**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 46966**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed:  April 29, 2020** |
| Plaintiff-Respondent, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| MICAH AARON PITMAN, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Nancy A. Baskin, District Judge.

Judgment of conviction for possession of a controlled substance, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Micah Aaron Pitman appeals from his judgment of conviction for possession of a controlled substance.  Pitman argues the district court erred in denying his motion to suppress.  We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Officers were investigating a domestic disturbance and a possible burglary when they encountered Pitman.  During the encounter, Pitman repeatedly invited the officers to search him. Although the officers did not initially accept Pitman's invitation, Pitman was eventually searched after he was arrested for resisting and obstructing.  The search of Pitman revealed he had

1

methamphetamine in his pocket. The State charged Pitman with possession of a controlled substance and resisting and obstructing an officer.

Pitman filed a motion to suppress the methamphetamine, asserting that the methamphetamine was found incident to an unlawful arrest. The district court denied Pitman's motion, concluding that Pitman's arrest was lawful and, as such, the search incident to arrest was also lawful. The district court alternatively concluded that Pitman consented to the search. Pitman thereafter entered a conditional guilty plea to possession of a controlled substance (I.C. § 37-2732(c)), reserving his right to challenge the denial of his motion to suppress. Pitman appeals.

## II.

## ANALYSIS

Pitman contends that, although he is "[m]indful of the alternative reason the district court gave for denying his motion to suppress," the district court "erred in upholding the search of his person as a lawful search incident to arrest." The State responds that Pitman's failure to challenge the district court's alternative basis for denying his motion to suppress is fatal to his appeal. We agree with the State.

Where a lower court makes a ruling based on two alternative grounds and only one of those grounds is challenged on appeal, the appellate court must affirm on the uncontested basis. *Rich v. State*, 159 Idaho 553, 555, 364 P.3d 254, 256 (2015); *State v. Goodwin*, 131 Idaho 364, 366, 956 P.2d 1311, 1313 (Ct. App. 1998). Pitman concedes that he does not challenge one of the district court's reasons for denying his motion to suppress. Accordingly, we need not consider the merits of Pitman's claim and affirm the district court on the unchallenged basis.

## III.

## CONCLUSION

Pitman has failed to challenge all of the bases on which the district court denied his motion to suppress. Therefore, we decline to address the merits of Pitman's claim of error and affirm the district court on the unchallenged basis. Pitman's judgment of conviction for possession of a controlled substance is affirmed.

Chief Judge HUSKEY and Judge BRAILSFORD, **CONCUR**.