**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

ANTONIO FRANCISCO
GUTIERREZ,
*Defendant-Appellant.*

No. 19-30107

D.C. No.
1:18-cr-00050-SPW-1

ORDER CERTIFYING
QUESTION TO THE
SUPREME COURT OF
IDAHO

Filed November 23, 2020

Before: Jay S. Bybee and Daniel P. Collins, Circuit
Judges, and Richard G. Stearns,* District Judge.

Order

---

* The Honorable Richard G. Stearns, United States District Judge for
the District of Massachusetts, sitting by designation.

**SUMMARY**[**]

**Criminal Law**

The panel certified to the Idaho Supreme Court the following question:

> Whether an Idaho state court order reducing the defendant's judgment of conviction for felony burglary to a judgment of conviction for misdemeanor petit theft under the authority of Idaho Code § 19-2604(2) changes the operative conviction for the purposes of Idaho Code § 18-310, which prohibits the restoration of firearm rights to those citizens convicted of specific felony offenses. *See* Idaho Code § 18-310(2).

**COUNSEL**

Kelly J. Varnes, Hendrickson Law Firm P.C., Billings, Montana, for Defendant-Appellant.

Colin M. Rubich, Assistant United States Attorney; Kurt G. Alme, United States Attorney; United States Attorney's Office, Billings, Montana; for Plaintiff-Appellee.

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**ORDER**

At issue in this appeal is whether Defendant-Appellant Antonio Gutierrez is prohibited from possessing any firearms under 18 U.S.C. § 922(g) on the basis of his prior Idaho state conviction. This question hinges on the operation of two provisions of Idaho state law: Idaho Code §§ 18-310 and 19-2604. We must determine whether an Idaho state court order reducing Gutierrez's judgment of conviction for felony burglary to a judgment of conviction for misdemeanor petit theft under the authority of § 19-2604(2) changes the operative conviction for the purposes of § 18-310, which prohibits the restoration of firearm rights to those citizens convicted of specific felony offenses. *See* Idaho Code § 18-310(2). This question of state law is determinative of the instant case, and we find no controlling precedent in the decisions of the Idaho Supreme Court. Idaho App. R. 12.3(a)(1). Moreover, we find that an immediate determination of the Idaho law in regard to the certified question would materially advance the orderly resolution of this litigation. Idaho App. R. 12.3(a)(2). Thus, in our discretion, we respectfully certify this question of law to the Idaho Supreme Court pursuant to Rule 12.3 of the Idaho Appellate Rules. *Lehman Bros. v. Schein*, 416 U.S. 386, 391 (1974); *Parents Involved in Cmty. Sch. v. Seattle Sch. Dist. No. 1*, 294 F.3d 1085, 1086 (9th Cir. 2002), *certified question answered*, 72 P.3d 151 (Wash. 2003).

"We invoke the certification process only after careful consideration and do not do so lightly." *Kremen v. Cohen*, 325 F.3d 1035, 1037 (9th Cir. 2003). When determining whether to certify a question to a state's highest court, we consider: (1) whether the question presents "important public policy ramifications" yet unresolved by the state court;

(2) whether the issue is new, substantial, and of broad application; (3) the state court's caseload; and (4) "the spirit of comity and federalism." *Id.* at 1037–38.

Whether the reduction of a citizen's judgment of conviction for a felony offense listed in Idaho Code § 18-310(2) to a judgment of conviction for a misdemeanor offense affects the restoration of the citizen's firearms rights has "important public policy ramifications" under both Idaho and federal law. Therefore, after considering these factors, and in the spirit of comity and federalism, we certify this question to the Idaho Supreme Court. We provide the following information for the consideration of the Idaho Supreme Court.

I

Antonio Gutierrez was indicted in the United States District Court for the District of Montana on four federal charges: (1) conspiracy to commit robbery affecting commerce (18 U.S.C. § 1951(a)); (2) robbery affecting commerce (18 U.S.C. § 1951(a)); (3) possession of a firearm in furtherance of a crime of violence (18 U.S.C. § 924(c)(1)(A)); and (4) felon in possession of a firearm (18 U.S.C. § 922(g)(1)). These charges resulted from a robbery involving a firearm of Dotty's Casino in Billings, Montana on February 5, 2018. Gutierrez had previous convictions under Idaho state law for burglary.[1] Under Idaho Code § 18-310, "a person convicted of any Idaho felony shall be restored the full rights of citizenship," except that for

---

[1] We take judicial notice of the Bannock County District Court's docket in the underlying state criminal case. Docket, *Idaho v. Gutierrez*, No. CR-2000-192.

persons convicted of certain enumerated offenses, "the right to ship, transport, possess or receive a firearm shall not be restored." Idaho Code § 18-310(2). Burglary is one of the enumerated offenses. *Id.* § 18-310(2)(e). On October 27, 2003, acting pursuant to Idaho Code § 19-2604(2),[2] an Idaho district court ordered Gutierrez's burglary convictions under Idaho Code § 18-1401 "REDUCED to Misdemeanor Petit Theft" in violation of Idaho Code § 18-2403(1). The Idaho district court order stated that Gutierrez was "not to be considered a convicted felon because he has successfully complied with the terms and conditions of probation and paid all restitution/reimbursement and fines in full."

Gutierrez moved to dismiss the federal indictment on various grounds, including that he is not a felon prohibited from possessing a firearm under 18 U.S.C. § 922(g)[3] because his judgment of conviction for burglary had been reduced to

---

[2] The Idaho district court order reducing the judgment of conviction is not explicit as to which provision of Idaho state law the court relied upon. However, at oral argument the parties agreed that it was most likely § 19-2604(2), and we agree with that assessment of the factual circumstances. Section 19-2604(2) provides that, under certain conditions, an Idaho court "may amend the judgment of conviction" and "the amended judgment may be deemed to be a misdemeanor conviction."

[3] Section 922(g) makes it unlawful for numerous categories of persons "to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." Gutierrez was convicted under § 922(g)(1), which prohibits possession of a firearm by any person "who has been convicted in any court of[] a crime punishable by imprisonment for a term exceeding one year." Section 921(a)(20) defines a "crime punishable by imprisonment for a term exceeding one year" to exclude "any State offense classified by the laws of the State as a misdemeanor and punishable by a term of imprisonment of two years or less."

misdemeanor petit theft.  The federal district court denied this motion, holding that Idaho Code § 18-310(2) excluded Gutierrez's underlying felony burglary conviction from the restoration of firearm rights. *United States v. Gutierrez*, 2018 WL 3611753, at \*2 (D. Mont. July 27, 2018).

Before trial, the Government dismissed the conspiracy count.  After a jury trial, Gutierrez was convicted on the remaining three counts, including the felon-in-possession charge under 18 U.S.C. § 922(g).

Gutierrez now appeals his § 922(g) conviction.**[4]**  He asserts that the district court erred in determining that he was a felon prohibited from possessing any firearms under § 922(g).  To determine whether a defendant has a qualifying "conviction" under § 922(g), federal courts must look to state law. *See* 18 U.S.C. § 921(a)(20) (qualifying "conviction" excludes "any State offense classified by the laws of the State as a misdemeanor and punishable by a term of imprisonment of two years or less").  If a federal defendant's firearm rights have been restored by operation of state law, his state law conviction is invalidated for the purposes of § 922(g). *See Van der Hule v. Holder*, 759 F.3d 1043, 1046 (9th Cir. 2014).  In applying *Van der Hule*, the federal district court determined that: (1) Gutierrez's felony burglary conviction was the operative judgment of conviction; (2) the Idaho district court order reducing the felony burglary conviction to a judgment of conviction for misdemeanor petit theft did not expunge, pardon, or set aside the felony conviction, or restore

---

**[4]** Gutierrez also challenges his convictions under 18 U.S.C. §§ 1951 and 924(c).  However, the challenges to those convictions are entirely separate from his challenge to his § 922(g) conviction and are not the subject of our certification.

Gutierrez's firearm rights; and (3) Idaho Code § 18-310(2) excluded Gutierrez from the restoration of firearm rights under Idaho law. *Gutierrez*, 2018 WL 3611753, at \*2. Thus, the federal district court determined that Gutierrez had a qualifying conviction and his firearm rights had not been restored under Idaho law, and therefore he was prohibited from possessing any firearm under 18 U.S.C. § 922(g). *Id.*

On appeal, the following question of Idaho law appears crucial and determinative as to whether Gutierrez is a felon prohibited from possessing any firearms under 18 U.S.C. § 922(g): When a judgment of felony conviction is subsequently reduced to a judgment of misdemeanor conviction under Idaho Code § 19-2604(2), which judgment is the operative judgment of conviction for the purposes of Idaho Code § 18-310?

## II

The Idaho Supreme Court has not decided this question. The Court only briefly discussed these questions in *Rich v. State*, 159 Idaho 553 (2015). In *Rich*, an Idaho district court issued an order stating that, under Idaho Code § 19-2604(2), Rich's "Judgment is hereby *deemed* a misdemeanor conviction, thereby restoring [Mr. Rich] to his civil rights." 159 Idaho at 554 (emphasis added). When Rich was denied a firearm purchase in Pennsylvania on the basis of his Idaho felony conviction, he sought a declaratory judgment from the Idaho district court that he could possess a firearm. *Id.* The Idaho district court dismissed Rich's case on two grounds: (1) Rich lacked standing because he was not under any threat of arrest or prosecution; and (2) under § 18-310, only the commission of pardons and parole, not a district court, could restore Rich's right to possess a firearm. *Id.* The Idaho

Supreme Court affirmed the judgment on an "uncontested basis" because petitioner had failed to challenge both grounds on appeal. *Id.* at 555. Nevertheless, in a footnote, the Idaho Supreme Court stated:

> At the time Mr. Rich committed the rape, Idaho Code section 18-310 provided that the right to ship, transport, possess, or receive a firearm would not be restored upon satisfactory completion of imprisonment, probation, or parole if the person was convicted of certain enumerated felonies, including rape, that were committed on or after July 1, 1991. With respect to persons convicted of those felonies, the statue provided, "A person not restored to the civil right to ship, transport, possess or receive a firearm may make application to the commission of pardons and parole to restore the civil right to ship, transport, possess or receive a firearm." There is no contention that Mr. Rich ever made application to the Idaho Commission of Pardons and Parole to have his right to ship, transport, possess, or receive a firearm restored. These provisions of Idaho Code section 18-310 were in effect at the time of the district court order reducing the charge to a misdemeanor, and they are still in effect. Pursuant to Idaho Code section 19-2604(1), a court has the authority, in certain circumstances, to set aside the defendant's guilty plea and dismiss the case, which "shall have the effect of restoring the defendant to his civil rights." The district court in Mr.

> Rich's criminal case did not set aside Mr.
> Rich's guilty plea and dismiss the case under
> section 19-2604(1). It deemed his judgment
> to be a misdemeanor conviction under section
> 19-2604(2).

*Id.* at 555 n.3 (citations omitted). Although the Court's footnote indicates that both §§ 18-310 and 19-2604 may be relevant to the restoration of firearm rights, it does not shed significant light on whether a reduction, under § 19-2604(2), of a judgment of conviction for a particular felony offense to a judgment of conviction for a different misdemeanor offense alters the operative judgment of conviction for the purposes of § 18-310.

## III

In light of the foregoing, we respectfully certify the following question of law to the Idaho Supreme Court:

> When a judgment of conviction for a
> particular felony offense is subsequently
> reduced under Idaho Code § 19-2604(2) to a
> judgment of conviction for a different
> misdemeanor offense, which judgment is the
> operative judgment of conviction for the
> purposes of Idaho Code § 18-310?

## IV

The Clerk shall forward a certified copy of this certification order, under official seal, to the Idaho Supreme Court under Idaho Appellate Rule 12.3. Pursuant to Idaho Appellate Rule 12.3(b), the parties are hereby notified that

they may file a statement or brief in support of, or in opposition to, the certification with the Idaho Supreme Court. Such statement or brief must be filed within seven (7) days from the date of filing of this Order of Certification.

Submission of this appeal for decision is vacated and deferred pending the Idaho Supreme Court's final response to this certification order.     The Clerk is directed to administratively close this docket, pending further order. The parties shall notify the Clerk of this court within fourteen days of the Idaho Supreme Court's acceptance or rejection of certification, and again, if certification is accepted, within fourteen days of the Idaho Supreme Court's issuance of a decision.

**QUESTION   CERTIFIED;   PROCEEDINGS STAYED.**