**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50061**

| | |
|---|---|
| **STATE OF IDAHO,** )<br>)<br>**Plaintiff-Respondent,** )<br>)<br>**v.** )<br>)<br>**JUSTEUN DAMEUN FRIZZELL,** )<br>)<br>**Defendant-Appellant.** )<br>) | **Filed: February 11, 2025**<br><br>**Melanie Gagnepain, Clerk**<br><br>**THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY** |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Michael J. Reardon, District Judge.

Order denying motion to suppress and judgment of conviction for possession of a controlled substance, affirmed.

Erik R. Lehtinen, State Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

---

GRATTON, Chief Judge

Justeun Dameun Frizzell appeals from his judgment of conviction for possession of a controlled substance. Frizzell argues that the district court erred in denying his motion to suppress evidence obtained during a traffic stop. For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Deputy Richardson stopped Frizzell for speeding. Frizzell had been travelling at approximately twenty miles per hour over the speed limit and weaving in and out of traffic. Frizzell looked back at Deputy Richardson several times and passed several safe locations to stop. When Deputy Richardson caught up to Frizzell at a light, he yelled at Frizzell to pull over. As Deputy Richardson approached Frizzell's motorcycle, he noticed that the registration sticker had expired more than seven years prior. During the stop, Deputy Richardson discovered Frizzell lacked a driver's license, proof of insurance, proof of registration for the motorcycle he was riding,

1

and was not the registered owner of the motorcycle. Deputy Richardson engaged Frizzell in conversation regarding the motorcycle paperwork and the presence of controlled substances. Frizzell conversed with Deputy Richardson while leaning on the saddlebag on the motorcycle and told Deputy Richardson that his son had stolen and wrecked the motorcycle and had also stolen his wallet. Deputy Richardson requested a drug dog and subsequently the drug dog alerted twice to the presence of narcotics in the saddlebag. A search of the saddlebag revealed methamphetamine and a pipe. The State charged Frizzell with possession of a controlled substance, Idaho Code § 37-2732(c), and possession of drug paraphernalia, I.C. § 37-2734A.

Frizzell filed a motion to suppress Deputy Richardson's testimony and on-body video (OBV), claiming the evidence was obtained in violation of the Fourth Amendment to the United States Constitution's protection against unreasonable seizures. He argued that Deputy Richardson lacked a reasonable, articulable suspicion to initiate a drug investigation. The district court denied the motion citing Deputy Richardson's following observations:

> (1) fleeing behavior, (2) an expired registration, (3) physical and behavioral indicators of drug use, (4) lack of any identifying documentation, (5) strange story, and (6) posture leaning on the bag and not making any attempt to look for registration.

The district court found that Deputy Richardson had reasonable suspicion to inquire into whether Frizzell possessed drugs and to extend the length of the stop to investigate drug use as well as whether the motorcycle was stolen. Pursuant to a plea agreement, Frizzell entered a conditional *Alford*[1] plea of guilty to possession of a controlled substance (methamphetamine), the paraphernalia charge was dismissed, and the State did not pursue a persistent violator allegation. Frizzell appeals.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*,

---

[1] *See North Carolina v. Alford*, 400 U.S. 25 (1970).

127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

Frizzell claims the only question on appeal is whether Deputy Richardson had reasonable suspicion to extend the stop to conduct a drug investigation. In making this argument, Frizzell argues that the district court's favorable credibility determination of Deputy Richardson was tainted by clearly erroneous factual findings. The State argues that this Court must affirm the district court on the unchallenged finding of reasonable suspicion to conduct a stolen vehicle investigation in addition to the speeding and drug investigations. Alternatively, the State asserts that the district court did not err in finding reasonable suspicion to conduct a drug investigation. Because we affirm on the unchallenged ground, we need not address the other arguments.

The district court determined that Deputy Richardson had reasonable suspicion not only to conduct a drug investigation, but also a stolen vehicle investigation:

> Likewise, while each fact known to Richardson taken in isolation may be innocent, but under the totality of the facts and circumstances, coupled with Richardson's training and experience, Richardson had reasonable suspicion to inquire into whether Defendant possessed drugs and to extend the length of the stop to investigate drug use as well as whether the motorcycle was stolen.

Where a lower court makes a ruling based on two alternative grounds and only one of those grounds is challenged on appeal, the appellate court must affirm on the uncontested basis. *Ballard v. Kerr*, 160 Idaho 674, 699, 378 P.3d 464, 489 (2016); *Rich v. State*, 159 Idaho 553, 555, 364 P.3d 254, 256 (2015). Frizzell failed to contest the district court's alternative ruling for denying the motion to suppress--that Deputy Richardson had separate, reasonable suspicion to extend the stop to investigate whether the motorcycle was stolen. Frizzell does not dispute that he did not contest the alternate finding that Deputy Richardson had reasonable suspicion to investigate a stolen vehicle but argues in his reply brief that the stolen vehicle investigation was immaterial to the extension of the stop for a drug investigation. Issues not raised in the opening brief are waived for purposes of appeal. *State v. Hawkins*, 159 Idaho 507, 517, 363 P.3d 348, 358 (2009). This Court will not consider arguments raised for the first time in the appellant's reply brief. *Suitts v. Nix*, 141 Idaho 706, 708, 117 P.3d 120, 122 (2005). A reviewing court looks only to the initial brief on appeal for the issues presented because those are the arguments and authority to which the respondent has an opportunity to respond in the respondent's brief. *Id.*

3

Thus, we will neither review the merits of the district court's finding that Deputy Richardson had reasonable suspicion to extend the stop to investigate a stolen vehicle nor the effect that investigation had on the overall length of the stop. In his opening brief, Frizzell did not argue, cite evidence, or point to either argument below or a district court finding as to the relationship between the stolen vehicle investigation and the duration of the stop. While Frizzell argued in his opening brief that the drug investigation was not supported by reasonable suspicion, he did not argue that, despite the stolen vehicle investigation, the unsupported drug investigation extended the stop beyond the time necessary for stolen vehicle and speeding investigations. We affirm the district court's denial of Frizzel's motion to suppress on the unchallenged, alternative basis.

## IV.

## CONCLUSION

We will not presume the district court's ruling that Deputy Richardson had a reasonable suspicion of motorcycle theft to extend the stop was in error. Frizzell failed to properly raise the issue on appeal. Therefore, the district court's order denying the motion to suppress and Frizzell's judgment of conviction are affirmed.

Judge HUSKEY and Judge LORELLO **CONCUR**.