# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 47677

STATE OF IDAHO,

      Plaintiff-Respondent,

v.

ANDREW ROBERT DUNN,

      Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

Filed:  May 12, 2021

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

---

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Nancy Baskin, District Judge.

Judgment of conviction for felony possession of methamphetamine and misdemeanor battery, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Andrew V. Wake, Deputy Attorney General, Boise, for respondent.

---

HUSKEY, Chief Judge

Andrew Robert Dunn appeals from his judgment of conviction for felony possession of a controlled substance and misdemeanor battery.  On appeal, Dunn alleges the district court erred by denying his motion to suppress because he was subjected to an illegal arrest.  Because Dunn does not challenge either of the alternative bases on which the district court denied his motion to suppress, the court did not err and the judgment of conviction is affirmed.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

While on patrol, Officer Kettering responded to a report of a traffic accident and a battery; a driver of a car slapped a driver of a truck in the face following a collision.  Officer Kettering arrived at the scene, where both vehicles were parked.  Officer Kettering spoke to Dunn, the driver of the car.  Dunn told Officer Kettering that he slapped the driver of the truck

1

after the truck hit the back of Dunn's car. Officer Kettering then spoke to the driver of the truck who stated that he collided with Dunn's car after Dunn came to an abrupt stop and that Dunn struck him in the face after both drivers got out of their vehicles. Officer Kettering asked the driver of the truck if he would like to declare himself a victim of battery. The driver said yes and signed a battery citation. Officer Kettering then called dispatch with Dunn's information.

Officer Kettering returned to Dunn and questioned him about his driver's license. Dunn admitted that his license was suspended. Officer Kettering arrested Dunn for battery, handcuffed him, and placed him in the patrol car. Another officer asked Dunn if he would like his car towed; Dunn replied that he would, and a tow truck was called. Because dispatch reported that Dunn had a record of felony drug charges, another officer on the scene requested the assistance of a canine officer.

While Officer Kettering was writing Dunn's citations, Dunn asked what he was arrested for. Officer Kettering told Dunn that he was under arrest for battery and driving without privileges. During this time, a canine officer arrived, followed by the tow truck. The canine officer performed a drug-dog sniff of Dunn's car and the dog positively alerted. During the subsequent search of the car, officers found two syringes; one syringe contained a brown liquid that tested positive for methamphetamine.

The State charged Dunn with felony possession of a controlled substance and misdemeanor battery and inattentive driving. Dunn filed a motion to suppress the evidence obtained as a result of the drug-dog search. At the hearing on the motion, Dunn argued that Officer Kettering illegally arrested him for a misdemeanor committed outside the presence of an officer and that Officer Kettering unconstitutionally extended the stop. In response, the State argued that Dunn was subjected to a lawful citizen's arrest and, alternatively, the evidence would have been inevitably discovered because there was an independent basis to search Dunn's car.

The district court found that: (1) Officer Kettering did not extend the stop because he was properly and reasonably completing the citations when the drug dog alerted; and (2) regardless of the legality of Dunn's arrest, the evidence would have been inevitably discovered because Dunn could not drive his car away from the scene, a drug dog is permitted to perform an exterior sniff of a parked car, and the drug dog alerted before Officer Kettering finished writing the citations. Accordingly, the district court denied Dunn's motion to suppress.

2

Pursuant to a plea agreement, Dunn entered a conditional guilty plea, reserving the right to appeal the denial of his motion to suppress, to felony possession of a controlled substance and misdemeanor battery. In exchange, the State dismissed the inattentive driving charge. The district court imposed a unified sentence of five years, with one year determinate, for possession of a controlled substance and 180 days jail with credit for time served for the battery. The district court retained jurisdiction.[1] Dunn timely appeals.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

Dunn alleges that "[m]indful that the evidence he seeks to suppress may have inevitably been discovered had the arrest not occurred," the district court erred in denying his motion to suppress because Dunn was unconstitutionally arrested for misdemeanors committed outside Officer Kettering's presence. In response, the State asserts that Dunn did not show the district court erred by denying his motion to suppress because Dunn did not challenge the court's grounds for denying his motion.

The district court denied Dunn's motion to suppress on two grounds: first, that Officer Kettering did not unlawfully extend the stop; and second, that the evidence in Dunn's car would have been inevitably discovered regardless of whether Officer Kettering placed Dunn under arrest for the battery. Dunn challenges neither of these conclusion on appeals. Instead, Dunn alleges that the district court should have granted his motion to suppress because Officer

---

[1] After Dunn completed the period of retained jurisdiction, the district court suspended Dunn's sentence and placed him on probation.

3

Kettering subjected him to an unlawful arrest for the battery committed outside the officer's presence. Because Dunn did not challenge either of the grounds on which the district court denied his motion to suppress, we affirm the district court's denial of Dunn's motion. *See Rich v. State*, 159 Idaho 553, 555, 364 P.3d 254, 256 (2015) (holding appellate court must affirm lower court's decision when appellant leaves grounds for which court made ruling uncontested); *see also State v. Goodwin*, 131 Idaho 364, 366, 956 P.2d 1311, 1313 (Ct. App. 1998).

## IV.

## CONCLUSION

Dunn does not assert that the district court erred in denying his motion to suppress on the grounds that the court denied the motion. Accordingly, the district court did not err in its denial of Dunn's motion to suppress and the judgment of conviction is affirmed.

Judge GRATTON and Judge BRAILSFORD **CONCUR**.