**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50051**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed:  April 23, 2024** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) |
| DWAYNE EDWARD BEST, | ) |
| | ) |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County.  Hon. John T. Mitchell, District Judge.

Order denying motion to suppress, <u>affirmed</u>; judgment of conviction, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.  Andrea W. Reynolds argued.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.  Kenneth K. Jorgensen argued.

_____

GRATTON, Chief Judge

Dwayne Edward Best appeals from the district court's order denying his motion to suppress.  The district court denied Best's motion to suppress, finding Best was on probation and, based on information from a confidential informant, the probation officer conducting the search had reasonable suspicion to search the room where Best was staying.  Best further argues that the district court erred, during closing arguments, by precluding Best from arguing that the prosecutor could have charged differently and from commenting on the lack of officer body cam video.  We affirm.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

On information provided by a confidential informant, law enforcement officers assisted probation officers in conducting a probation check of the room where Best was staying. Based on evidence found during the search of the room, the State charged Best with possession with intent to deliver a controlled substance, Idaho Code § 37-2732(a)(1); trafficking in heroin, I.C. § 37-2732B(a)(6); and unlawful possession of a firearm, I.C. § 18-3316(1). The State also charged Best with a persistent violator enhancement. Best filed a motion to suppress, arguing the search violated his constitutional rights. The district court held a hearing on the motion and heard testimony from two probation officers who were involved in the search. Best's probation officer was not involved in the search and did not testify at the suppression hearing.

Best argued the search was improper because his probation officer was not personally involved. The district court took judicial notice of a 2018 probation agreement that included a term that Best would "submit to searches of [his] person, personal property, automobiles, and residence without a search warrant at the request of [his] probation officer, any agent of [his] probation officer, or any law enforcement officer." The district court found that it was "not at all persuaded that one single probation officer, and particularly this defendant's probation officer, is the only one that can grant agency." The district court also found that the search was lawful because the officers had reasonable suspicion from the confidential informant's tip.

During Best's closing arguments at trial, the district court sustained the State's objection to Best's argument that the State could have charged Best with possession rather than trafficking. The district court also sustained the State's objection to Best's argument that the State did not introduce on-body video evidence taken by a non-testifying witness, Deputy Roach. The jury found Best guilty of all three charged offenses and Best pled guilty to the enhancement. Best appeals.

# II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a

2

suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999). Determinations of reasonable suspicion are reviewed de novo. *State v. Bonner*, 167 Idaho 88, 93, 467 P.3d 452, 457 (2020).

When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

### A.      Motion to Suppress

Best argues the district court erred in denying his motion to suppress. Best first contends that he did not sign the probation agreement and did not consent to the probation agreement's Fourth Amendment waiver. Alternatively, he argues that the officers conducting the search did not request to search as required by the terms of the probation agreement. He also contends that the room he was staying in was searched without reasonable and articulable suspicion of wrongdoing based on information provided by the confidential informant. The State contends that Best failed to preserve his arguments on appeal that he did not consent to a Fourth Amendment waiver as a term of his probation agreement and that the officers did not request to search as required by the agreement. Best argues that because the district court found he was subject to a Fourth Amendment waiver as a condition of his probation, the issues are preserved. We agree with the State.

At the suppression hearing, Best's counsel submitted a probation agreement from 2000. Best's counsel relied on the 2000 agreement to argue that Best's probation officer was the only person who could request to search. The 2000 agreement provided for a search "at the request of [his] probation officer." The prosecutor pointed out that Best was basing his argument on the wrong probation agreement. The district court took judicial notice of a 2018 probation agreement. The 2018 agreement provided for a search "at the request of [his] probation officer, any agent of [his] probation officer, or any law enforcement officer." The district court, thereafter, stated "I

3

am not at all persuaded that one single probation officer, and particularly this defendant's probation officer, is the only one that can grant agency."

Best argues on appeal that since he did not sign the 2018 probation agreement, he did not consent to the waiver terms. As an initial matter, in his opening brief, Best fails to acknowledge both a contrary factual issue and a contrary legal issue. As to the factual matter, trial counsel conceded, several times, that Best was on probation. Trial counsel never argued that Best did not consent to the waiver term but instead, implicitly conceded the waiver term was valid by challenging who had the authority to invoke Best's consent to the waiver term. Best makes no mention of this in his opening brief. As to the legal issue, Best does not address that the issue as presented in the district court is not the same as the issue presented on appeal. Best's motion to suppress indicated the evidence obtained from the search should be suppressed "because it was a warrantless search." The motion indicated a memorandum in support would be filed but no such memorandum was filed. Thereafter a hearing was held on the motion. At that hearing, trial counsel argued that although Best was on probation and he consented to searches, that consent to searches extend only to his probation officer and that officer's agent; therefore, any search by a probation officer not assigned to him or other law enforcement officers was outside the scope of his consent. For example, trial counsel stated: "Here we have--Mr. Best had been on multiple terms of probation. The earliest one or one of the earliest ones serving as the foundation of it, the one referred to before, says that he is waiving his right of a search by his probation officer." Trial counsel went on to challenge who had the authority to request a search--whether it had to be Best's probation officer or that officer's agent as compared to other probation officers or law enforcement, generally. In rebuttal, trial counsel again acknowledged that Best was on probation: "You--again, Mr. Best has been on probation for quite some time, and the original terms was probation officer, this new term was an agent of the probation officer; his probation officer was not even involved, and therefore we do believe that this matter should be suppressed." In the district court, Best never argued that he did not knowingly, intelligently, or voluntarily consent to the terms of his probation. Instead, he conceded he was on probation, that he consented to waive his Fourth Amendment rights, but challenged who could invoke that waiver and request a search. *See State v. Cohagan*, 162 Idaho 717, 721, 404 P.3d 659, 663 (2017) (explaining that appellate principles require a party to be bound by its concessions in the trial court).

4

Despite this record, on appeal, Best argues "[t]he district court erred in concluding Mr. Best was bound by the Fourth Amendment wavier contained in the Terms and Conditions of Probation because the State did not meet its burden of showing that Mr. Best knowing[ly], intelligently, and voluntarily consented to the Terms and Conditions of Probation." The issue presented to the district court of whether, pursuant to Best's consent to search, Best's probation officer had the sole authority to request to search, is entirely different than arguing on appeal that Best did not consent to a search, and therefore, did not waive his Fourth Amendment rights as a condition of probation. Although Best asserted in his reply brief and at oral argument that his arguments to this Court are a valid extension of his arguments to the district court, notably absent in Best's opening brief was any acknowledgment or citation to the fact that trial counsel conceded Best was on probation and had consented to searches as a condition of probation. Similarly absent in Best's opening brief is that the argument made in the district court had "evolved" on appeal into a claim that Best did not knowingly, intelligently, and voluntarily agree to the terms of probation.

Similar omissions in the appellant's brief were noted in *BrunoBuilt, Inc. v. Erstad Architects, PA*, 171 Idaho 928, 528 P.3d 531 (2023). There, BrunoBuilt failed to disclose in its opening brief the existence of a motion to reconsider or that the arguments and facts it was relying on to demonstrate error on appeal were not before the district court at the summary judgment stage and were rejected at the motion to reconsider hearing. *Id*. at 940, 528 P.3d at 543. The Court found that appellate counsel violated his ethical obligation of candor to the tribunal for presenting arguments and theories raised only at the motion to reconsider stage without disclosing them as such and instead making it appear as if the arguments were made at the motion for summary judgment hearing. *Id*. at 945, 528 P.3d at 548. The Court reiterated:

> Again, it was counsel's deliberate use of arguments and evidence clearly and unequivocally disregarded by the district court "to illustrate the trial court's error" on appeal--without disclosing to this Court the material fact of when such arguments were first raised and the district court's ruling on it--that renders counsel's conduct sanctionable.

*Id.* at 947, 528 P.3d at 550.

In this case, to argue on appeal that Best never consented to searches, when trial counsel implicitly conceded that fact, is misleading. Moreover, an experienced appellate attorney would recognize that the argument raised on appeal was clearly and explicitly different than the issue

argued by trial counsel in the district court. To fail to acknowledge this and present the argument as if it was presented in the district court is also misleading. Candor to the court demands that Best acknowledge both contrary facts and arguments, particularly where he argued in his reply brief that his argument on appeal "evolved" from the arguments in the district court. As noted by the Court in *BrunoBuilt*, "While a new horse on appeal is forbidden, deliberately cloaking the new horse to look as if it were an old horse is sanctionable conduct." *Id*.

As noted, Best asserts that he preserved his arguments regarding the Fourth Amendment waiver on appeal because his arguments do not present a change in his position before the district court under applicable preservation precedent. Arguments on appeal may evolve from those asserted before a trial court provided the issue and the party's position remain consistent. *Ada Cty. Highway Dist. v. Brooke View, Inc.*, 162 Idaho 138, 142 n.2, 395 P.3d 357, 361 n.2 (2017). However, a party must raise both the issue and their position on that issue before the trial court for this Court to review it. *Siercke v. Siercke*, 167 Idaho 709, 715, 476 P.3d 376, 382 (2020). When raising the issue, either the specific ground for the objection must be clearly stated, or the basis of the objection must be apparent from the context. *State v. Cuenca*, 171 Idaho 603, 606, 524 P.3d 882, 885 (2023). In the context of a motion to suppress, Best argues that he need only raise the *issue*, that is, in this case, merely that a warrantless search occurred. Because the State has the burden to demonstrate an exception to the warrant requirement, Best argues that he need not articulate, incident to the motion, his *position* as to why the evidence must be suppressed. This Court rejected this argument in *State v. Salato*, 137 Idaho 260, 267, 47 P.3d 763, 770 (Ct. App. 2001).[1] In that case, among other issues raised in support of suppression, Salato argued that he was arrested without probable cause. This Court stated that we "need not address the issue because Salato failed to raise this issue in his motion to suppress and thus the issue was not raised before the district court." *Id*. The Court noted that we have repeatedly held that issues raised for the first time on appeal will not be considered. *Id*. Therefore, the defendant's position as to why suppression is appropriate must be litigated in the district court before it may be raised on appeal.

At oral argument, Best suggested that, in filing a motion to suppress, he had some obligation to assert more than the fact that a warrantless search occurred, but Best failed to identify

---

[1]  We note that appellate counsel failed to cite to or otherwise disclose *State v. Salato*, 137 Idaho 260, 267, 47 P.3d 763, 770 (Ct. App. 2001) as contrary authority to the argument raised on appeal.

the scope of the obligation. What that leaves, according to Best, is that the State must then set forth facts and arguments regarding every exception to the warrant requirement that Best might make (both in response in the district court and as evolved on appeal). Best is incorrect. We find no case law to support such an argument. Indeed, to require such would be an enormous waste of resources for the parties and the trial court. Instead, as illustrated in *Salato*, in a motion to suppress, the defendant must raise not only the issue that the evidence should be suppressed but also their position as to why suppression should be granted, i.e., the particular argument that an exception to the warrant requirement is inapplicable.

Best argues on appeal that since he did not sign the 2018 agreement, he did not consent to the waiver terms. Best never raised an argument regarding the lack of signature to the 2018 agreement or that he otherwise did not consent to the agreement or a Fourth Amendment waiver in the trial court. To the contrary, trial counsel implicitly conceded Best agreed to a Fourth Amendment waiver as a condition of probation but challenged who could invoke that waiver. As a result, there was no relevant argument raised below from which Best's argument on appeal could evolve. Moreover, the fact that the district court took judicial notice of the 2018 agreement (without objection) does not preserve an argument, not raised below, that Best did not consent to the agreement or its waiver terms.[2] Nor did the State have an affirmative obligation to demonstrate Best's consent to those terms or that he voluntarily entered into the agreement absent a claim by Best that consent or voluntariness was at issue. Thus, contrary to Best's assertions, his case is not distinguishable from other Idaho Supreme Court cases where a party failed to raise arguments before the trial court. *See State v. Gonzalez*, 165 Idaho 95, 99, 439 P.3d 1267, 1271 (2019); *State v. Garcia-Rodriguez*, 162 Idaho 271, 275, 396 P.3d 700, 704 (2017). Best's argument is unpreserved.

Best's second argument regarding the probation agreement and the Fourth Amendment waiver is that the officers who conducted the search did not communicate a "request" that he

---

[2]     We recognize that Best's trial counsel claimed to be unaware of the 2018 probation agreement and that the terms of the 2018 probation agreement were different than the terms of the 2000 probation agreement upon which trial counsel made his arguments. We also recognize trial counsel asked for a continuance to review the 2018 probation agreement, which was denied. Best could certainly have argued on appeal that the district court abused its discretion by denying the motion to continue because it eviscerated the basis for suppression as argued by Best. Instead, appellate counsel chose to simply create a new argument on appeal that had no basis on the facts of the record or was presented to the district court.

7

submit to the search. This argument is also not preserved. At the suppression hearing, Best argued that the search exceeded the scope of his probation consent because his assigned probation officer was not involved and the probation agreement required that Best's probation officer be the one to *request* the search from the probationer. He did not argue that there was a lack of evidence to show that a request was made before the search.[3] Consequently, the State had no opportunity to present evidence on that issue and the district court had no opportunity to address that issue. It is the defendant's burden to frame the issue in his motion to suppress in order to preserve it for appeal. *Salato*, 137 Idaho at 267, 47 P.3d at 770. Best has failed to demonstrate that the district court erred in denying his motion to suppress.[4]

## B. Closing Argument

Best argues the district court erred when it sustained the State's objection to defense counsel's closing argument that the State could have charged him with possession instead of trafficking. Best further argues the district court erred when it sustained the State's objection to defense counsel's closing argument regarding the officer on-body video evidence. Best claims that precluding his arguments violated his constitutional rights and was otherwise an abuse of discretion. The State contends the district court did not err in finding the State's charging decision was not relevant and consequently precluding Best's argument. The State agrees that the district court erred in sustaining the objection to the lack of on-body video evidence based on Idaho Criminal Rule 16, but argues this error was harmless.

A district court has broad discretion in limiting the scope of summation, and a court's decision to limit the scope of summation will not be overturned absent an abuse of discretion. There is no abuse of discretion if the defendant cannot show prejudice. *See United States v.*

---

[3]  On appeal, Best argues that the holding in *State v. Jaskowski*, 163 Idaho 257, 409 P.3d 837 (2017) is controlling. The *Jaskowski* Court held that, where a probation condition requires a probationer to submit to a search "at the request" of an officer, the officer must request to conduct a search in order for the condition to apply. *Id*. at 261, 409 P.3d at 841 ("[W]e agree with the district court that [the defendant's] waiver of his Fourth Amendment rights was conditioned upon the probation officer requesting to conduct a search and that any search conducted without such a prefatory request is not objectively reasonable."). Best argues on appeal that there was contradictory testimony about the request to search by the two probation officers. Although correct, the issue of whether the officers requested to search prior to their entry was not contested.

[4]  Consequently, we need not address Best's contention that the room he was staying in was searched without reasonable and articulable suspicion.

8

*Chavez*, 12 F.4th 716, 728 (7th Cir. 2021); *United States v. Lee*, 834 F.3d 145, 161 (2d Cir. 2016); *United States v. Moore*, 375 F.3d 259, 263 (3d Cir. 2004); *Bernard v. IBP, Inc. of Nebraska*, 154 F.3d 259, 266 (5th Cir. 1998).

During closing argument, defense counsel stated, "I think it's important here, and we'll talk about it at the end, the State has wide discretion on what is charged in a case. They could've charged Mr. Best with possession of heroin." The prosecutor objected on the grounds of relevance. Best responded to the objection by stating, "It's relevant. It's closing argument, Your Honor." The district court then ruled, "Well, I think that's treading into [Rule] 16(i) as well. I'm sustaining the objection." Because the district court ruled on two grounds, by sustaining the objection on relevance grounds and on Rule 16(i), and Best has not challenged one of these grounds (relevance), the ruling must be affirmed on the unchallenged basis. *Rich v. State*, 159 Idaho 553, 555, 364 P.3d 254, 256 (2015) ("Where a lower court makes a ruling based on two alternative grounds and only one of those grounds is challenged on appeal, the appellate court must affirm on the uncontested basis."). Moreover, we agree with the State that the argument bore no relevance to the issues in the case and was improper. Therefore, the district court did not err in precluding Best from arguing that the State could have charged Best differently.

Lastly, Best argues the district court erred when it sustained the State's objection to defense counsel's argument regarding the lack of on-body video evidence available from Deputy Roach. The State agrees that this was an error, but contends the error was harmless. Because the district court erroneously applied Rule 16 to Best's closing argument, the State has the burden of demonstrating that the error is harmless beyond a reasonable doubt. *State v. Temple*, 170 Idaho 148, 154, 508 P.3d 1222, 1228 (2022). This standard requires weighing the probative force of the record as a whole while excluding the erroneous evidence and at the same time comparing it against the probative force of the error. *State v. Garcia*, 166 Idaho 661, 674, 462 P.3d 1125, 1138 (2020). If the error's effect is minimal compared to the probative force of the record establishing guilt beyond a reasonable doubt without the error, then the error did not contribute to the verdict rendered and is harmless. *Id.* The reviewing court must take into account what effect the error had, or reasonably may have had, on the jury in the context of the total setting and in relation to all else that happened, which necessarily includes the evidence presented. *Kotteakos v. United States*, 328 U.S. 750, 764 (1946).

Turning to the probative force or prejudicial effect of the error, Best argues that he did not intend to specifically discuss Deputy Roach or that he was not called as a witness only that, based on the testimony of Detective Jacobson, Deputy Roach had a body camera and was present during the last interview. However, Best fails to show the excluded argument was material to his defense. This interview was audio-recorded and Best offered no explanation of what he believed the evidence would show if a video of the interview was admitted. Neither Best nor the State called Deputy Roach to discuss whether he had an on-body camera at the interview, whether it was on, or what his practices were with respect to use of his on-body camera. While Best showed Detective Jacobson (but not the jury) part of an on-body video, the detective did not believe he had taken that video and no evidence of whether it related to Deputy Roach or the interview was presented. If Best was attempting to infer that Deputy Roach's body camera recordings would have been exculpatory, such an inference is unsupported by the evidence and purely speculative. The same is true of any inference that the lack of on-body video was hidden for some nefarious reason. The probative force of the excluded argument is minimal at best.

On the other hand, the probative force of the record as a whole, excluding the erroneously prohibited argument, supporting Best's guilt beyond a reasonable doubt is substantial. The officers found drugs, drug paraphernalia, and a gun in a safe inside the room where Best was staying and physically present. Evidence included that fifteen grams of methamphetamine and seven grams of heroin were found in close proximity to Best's head. Best admitted to delivering heroin and acknowledged his substance abuse. The jury rejected Best's defenses regarding other individuals in the house who were involved in drugs, Best's lack of knowledge, and Best's possession. Thus, the evidence of Best's guilt beyond a reasonable doubt was strong.

The probative force of the evidence that Best was in possession of a controlled substance weighs heavily against the force of the district court's error in excluding argument regarding on-body video evidence, particularly given the lack of evidence regarding its exculpatory value, if any. Accordingly, the State has met its burden of establishing beyond a reasonable doubt that the error of denying the opportunity to argue on-body video evidence did not contribute to the guilty verdict. Thus, the error did not contribute to the verdict rendered and is harmless.

10

## IV.
## CONCLUSION

The district court did not err in denying Best's motion to suppress. Further, the district court did not err in sustaining the State's objection to Best's argument regarding the State's discretion in charging Best. The district court did err in sustaining the State's objection to Best's argument regarding on-body video evidence; however, the error was harmless. Therefore, we affirm Best's judgment of conviction.

Judge HUSKEY and Judge LORELLO **CONCUR**.